```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

GLENNON K. BRADY,                    )
                                     )
            Petitioner,               )
                                     )
        v.                           )     No. 4:08-CV-147-MLM
                                     )
ANTHONY J. CUNEO,                    )
                                     )
            Respondent.               )

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Glennon K. Brady's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as for failure to exhaust available state remedies.

### The petition

Petitioner is challenging his current confinement at the Metropolitan St. Louis Psychiatric Center. He seeks his immediate release pursuant to 28 U.S.C. § 2254.

Upon review of the instant petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, it is necessary to exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for any person restrained of liberty within the state. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01; see also, Kolocotronis v. Holcomb, 925 F.2d 279 (8th Cir. 1991)(discussing exhaustion requirements for persons acquitted of crime by reason of insanity); Jones v. Ritterbusch, 548 F.Supp. 89 (W.D.Mo. 1982)(same). As such, it appears that petitioner has available state procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 27th day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE